UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BOURGET,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________________/

Hon. Paul L. Maloney

Case No. 1:26-cv-281

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim under the Child Disability Benefits (CDB) program of Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **AFFIRMED**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff previously filed an application for SSI on February 21, 2019, alleging a disability onset date of April 1, 2017. (PageID.99.) In a decision issued on March 25, 2020, Administrative Law Judge (ALJ) Michael Condon found that Plaintiff was not disabled through the date of the decision. (PageID.99–113.) In that decision, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work with additional postural and environmental limitations, including restrictions on exposure to workplace hazards and temperature extremes. The ALJ further limited Plaintiff to simple, routine, and repetitive tasks, occasional workplace changes and interactions with others, and work without conveyor belt, assembly line, or per-minute or per-hour production quotas. (PageID.106.)

Plaintiff filed his present application for Child's Insurance Benefits (CIB) and SSI on May 12, 2023, alleging that he had been disabled since May 1, 2007. (PageID.157, 168, 372–392.) Plaintiff claimed that he was disabled due to autism, irritable bowel syndrome, chronic pain, chronic fatigue, auditory processing disorder, and Ehlers-Danlos syndrome. (PageID.157, 168.) Plaintiff was 29 years old when he filed his applications and had completed the tenth grade, having received special education through the ninth grade. (PageID.157, 446.) Plaintiff reported previous employment as an electronics assembler, gas station attendant, and general merchandise worker. (PageID.446–447.) Plaintiff's applications were denied initially and upon reconsideration, after which he requested a hearing before an ALJ. (PageID.34.)

On December 3, 2024, ALJ Cynthia Harmon held a hearing and received testimony from Plaintiff and Shannon Smith, an impartial vocational expert (VE). (PageID.61–94.) On March 21, 2025, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled from May 1, 2007, through the date of the decision. (PageID.31–60.) The

Appeals Council denied Plaintiff's request for review on November 25, 2025. (PageID.18–23.) Accordingly, the ALJ's decision became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff initiated this civil action for judicial review on January 26, 2026. (ECF No. 1.)

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a–f), 416.920(a–f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. See 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After determining that Plaintiff had not engaged in substantial gainful activity since May 1, 2007, his alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of Ehlers-Danlos syndrome; pes planus; obesity; autism spectrum disorder; attention deficit

hyperactivity disorder (ADHD); generalized anxiety disorder; major depressive disorder; and unspecified personality disorder with dependent features. (PageID.37.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.39–41.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [T]he claimant is limited to standing or walking for four hours and sitting for six hours in an eight-hour workday. The claimant is limited to: occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; and never climbing ladders, ropes, or scaffolds. The claimant is limited to frequent handling and fingering with the bilateral upper extremities. The claimant is able to occasionally reach overhead with the bilateral upper extremities. The claimant must avoid dangerous workplace hazards, such as unprotected heights or dangerous moving machinery. The claimant is able to carry out simple instructions that do not involve detailed or complex decision making or judgment. The claimant can tolerate occasional changes in a routine work setting. The claimant can have occasional interaction with coworkers and the general public. The claimant can perform tasks that do not involve a specific production rate pace, such as assembly line work or hourly quota requirements, but is able to complete flexible daily quotas by end of day.

(PageID.42.)

Applying Acquiescence Ruling 24-1(6), the ALJ considered the findings of the prior ALJ decision under *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). Although the ALJ found no significant new and material evidence concerning Plaintiff's physical or mental impairments, she determined that changes in the applicable law, regulations, or rulings warranted a different finding from the prior decision. (PageID.48–49.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (PageID.49.) At step five, however, based on testimony from the VE, the ALJ found that Plaintiff could perform the occupations of office helper, mail clerk, and merchandise marker, representing a total of

260,000 jobs in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. This represents a significant number of jobs. *See, e.g.*, *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). (PageID.50.) Accordingly, the ALJ determined that Plaintiff was not disabled. (PageID.50.)

## DISCUSSION

Plaintiff raises two issues in his appeal: (1) the ALJ failed properly to apply *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), and Acquiescence Ruling (AR) 24-1(6), particularly by failing to give Plaintiff's current applications a "fresh look" in light of evidence that was not before the prior ALJ; and (2) the ALJ failed properly to consider the supportability and consistency of the medical opinions pursuant to 20 C.F.R. § 416.920c(b)(2).

### 1. The ALJ Did Not Err in Her Evaluation of the Prior ALJ Decision or in Her Adherence to *Earley*.

Plaintiff first contends that the ALJ failed properly to apply *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), and Acquiescence Ruling (AR) 24-1(6). (ECF No. 9 at PageID.2443–47.) Plaintiff argues that the ALJ simply deferred to the prior unfavorable decision issued by ALJ Condon in March 2020, rather than conducting the fresh look required by *Earley* and AR 24-1(6). (*Id.* at PageID.2445–46; ECF No. 14 at PageID.2474–76.) In support, Plaintiff points to the similarities between the two RFC assessments, the ALJ's statements during the administrative hearing concerning *Earley* and AR 24-1(6), and her statement in the written decision that there was "no significant new and material evidence regarding the claimant's physical or mental impairments since the prior decision." (ECF No. 9 at PageID.2443–47.) Plaintiff further argues that the ALJ failed adequately to consider newly submitted educational records documenting his

longstanding impairments, which he contends constituted significant new evidence relevant to his claim for childhood disability benefits. (*Id.* at PageID.2446; ECF No. 14 at PageID.2476.)

In *Earley*, the Sixth Circuit clarified *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), in light of confusion regarding the preclusive effect of findings made in a prior disability determination. 893 F.3d at 930–34. The Sixth Circuit explained that the doctrine of res judicata does not preclude consideration of a subsequent application involving a distinct period of alleged disability, but instead warrants a fresh review of the subsequent claim. *Id.* at 933–34. Nevertheless, "[f]resh review is not blind review." *Id.* at 934. Accordingly, an ALJ may consider the findings reached in a prior decision and the evidence underlying those findings in adjudicating a subsequent application. *Id*. at 933–34. The Social Security Administration subsequently issued AR 24-1(6) to implement *Earley*, which requires ALJs to independently evaluate subsequent disability claims involving a new period while considering findings from prior decisions. 89 Fed. Reg. 92992 (Nov. 25, 2024).

Here, the ALJ's evaluation of the medical opinions and prior administrative medical findings demonstrates that she complied with *Earley* and AR 24-1(6), rather than deferring to the prior decision, as Plaintiff contends. For example, Dr. Friedman and Dr. Hahn concluded that Plaintiff's physical impairments were nonsevere, relying in part on normal physical examination findings. (PageID.46.) The ALJ found their assessments less persuasive because the record documented pain associated with pes planus and hypermobility related to Ehlers-Danlos syndrome that warranted functional limitations. *Id.* Similarly, the ALJ recognized that Dr. Choi had effectively adopted the prior ALJ's findings under AR 98-4(6), which had since been rescinded and replaced. (PageID.47.) Rather than accepting that assessment based on the prior determination, the ALJ considered the medical findings underlying Dr. Choi's assessment and the other evidence

of record, ultimately finding his assessment only partially persuasive. *Id.* These evaluations demonstrate that the ALJ did not treat the prior findings as binding but instead independently considered the evidence, consistent with *Earley* and AR 24-1(6). Whether the ALJ's evaluation of the medical opinions and prior administrative medical findings satisfied the requirements of 20 C.F.R. §§ 404.1520c and 416.920c is addressed separately below.

To argue that the ALJ improperly deferred to the prior decision, Plaintiff first asserts that the two RFC assessments contain no significant differences. (ECF No. 9 at PageID.2444–46; ECF No. 14 at PageID.2475–76.) However, similarities between the two RFC assessments do not, by themselves, establish that the ALJ treated the prior findings as binding. *See Dennis D. v. Comm'r of Soc. Sec.*, No. 23-3667, 2024 WL 1193662, at *5 (6th Cir. Mar. 20, 2024) (rejecting the argument that similarities between the prior and subsequent RFC conclusions demonstrated that the ALJ incorrectly applied *Earley* where the record showed that the ALJ independently evaluated the evidence and did not consider himself bound by the prior decision). Additionally, the physical limitations in the two RFCs differ in several meaningful respects. While the prior ALJ decision permitted occasional climbing of ladders, ropes, or scaffolds, the current decision prohibited those activities altogether. (PageID.36–50, 43, 48.) The current decision also limited Plaintiff to standing or walking for four hours and sitting for six hours during an eight-hour workday and imposed additional restrictions on bilateral handling, fingering, and overhead reaching. *Id.* Thus, Plaintiff's assertion that the two RFCs contain no significant differences is not supported by the record and, in any event, does not establish that the ALJ improperly deferred to the prior decision.

Plaintiff also quotes at length an exchange between his counsel and the ALJ during the administrative hearing concerning *Earley* and AR 24-1(6). (ECF No. 9 at PageID.2444–45.) Although Plaintiff does not meaningfully explain the significance of this exchange, he appears to

suggest that the ALJ misunderstood the governing law or improperly deferred to the prior findings. However, the exchange does not support either inference. The ALJ acknowledged that AR 24-1(6) replaced the prior acquiescence rulings and that she could consider the earlier findings while reaching a different determination. Her written decision reflects that she considered the prior findings as evidence rather than treating them as binding. (PageID.36–50.)

Plaintiff next relies on the ALJ's statement that there was "no significant new and material evidence regarding the claimant's physical or mental impairments since the prior decision." (ECF No. 9 at PageID.2445–46; ECF No. 14 at PageID.2475–76.) However, Plaintiff's argument overlooks the remainder of the ALJ's discussion. In the same paragraph, the ALJ acknowledged changes in the applicable law, regulations, or rulings, stated that she was making a different finding, and expressly characterized the prior findings as evidence considered in light of all relevant facts and circumstances. (PageID.36–50, 49.) Read in context, the ALJ's statement does not establish that she improperly treated the prior findings as binding.

Finally, Plaintiff argues that the ALJ failed adequately to consider newly submitted educational records and improperly relied on Dr. Rushlau's assessment. (ECF No. 9 at PageID.2446–47; ECF No. 14 at PageID.2476–77.) However, Plaintiff has not demonstrated how these alleged deficiencies establish that the ALJ treated the prior findings as binding or failed to conduct a fresh review. Rather, these arguments primarily concern the ALJ's evaluation of the evidence, not whether she improperly deferred to the prior decision.

In sum, the ALJ acknowledged *Earley* and AR 24-1(6), considered the prior findings as evidence, independently evaluated the record, and adopted an RFC that differed in meaningful respects from the prior assessment. Plaintiff has not demonstrated that the ALJ treated the prior

findings as binding or otherwise failed to conduct the fresh review required by *Earley*. Accordingly, this claim of error does not warrant remand.

**2. The ALJ Properly Evaluated the Opinion Evidence for Supportability and Consistency.**

Plaintiff next argues that the ALJ failed properly to evaluate the supportability and consistency of the medical opinions under 20 C.F.R. §§ 404.1520c and 416.920c. (ECF No. 9 at PageID.2446–48.) Specifically, Plaintiff challenges the ALJ's reliance on Dr. Rushlau's assessment despite newly submitted educational records while finding the opinions of consultative examiners Dr. Kitchen and Dr. Gardner unpersuasive. (*Id.* at PageID.2446–47.) Plaintiff further contends that the ALJ overlooked evidence of his Ehlers-Danlos syndrome and neurological abnormalities that were inconsistent with the physical limitations in the RFC. (*Id.* at PageID.2446–48.)

The ALJ evaluated the medical opinions and prior administrative medical findings pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even those from treating sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must articulate the persuasiveness of medical opinions and prior administrative medical findings using the factors set forth in the regulations. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). The most important factors are supportability and consistency, which the ALJ must explain in evaluating the persuasiveness of a medical opinion or prior administrative medical finding. 20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the remaining factors were considered. *Id.* The regulations define supportability and consistency as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

Contrary to Plaintiff's contentions, throughout her decision, the ALJ considered the evidence of record, acknowledged Plaintiff's physical and mental impairments, independently evaluated the evidence, and explained why the evidence did not support limitations to the extent alleged. (PageID.36–50.) For example, in evaluating Plaintiff's mental limitations, the ALJ considered the reports of Dr. Moten and Dr. Gensterblum. (*Id.* at 47.) In finding their assessments generally persuasive, the ALJ noted that they discussed Plaintiff's diagnoses and treatment history and identified observations of intact mental status to support limitations to simple work in a low-stress setting with occasional interaction with others. (*Id.*) She further reasoned that their assessments were consistent with Plaintiff's treatment records, including recent counseling notes documenting generally normal mental status. (*Id.*)

Likewise, the ALJ did not adopt Dr. Rushlau's findings without explanation. Although she expressly acknowledged that Dr. Rushlau had deferred to the prior ALJ's decision, she also observed that he supported his functional assessment with references to Plaintiff's treatment and evaluations documenting stable mental status. (PageID.36–50, 48.) The ALJ separately found his assessed limitations "broadly consistent with the evidence as a whole, which documents stability of [Plaintiff's] mental status through ongoing treatment." (*Id.* at 48.) Thus, the ALJ articulated

reasons grounded in supportability and consistency for finding Dr. Rushlau's assessment generally persuasive.

Nor did the ALJ reject the opinions of examining psychologists Dr. Gardner and Dr. Kitchen merely because they conflicted with those of Dr. Rushlau. Although Dr. Gardner identified some limitations in Plaintiff's functional capabilities, the ALJ found his assessment unpersuasive. (*Id*. at 48.) She pointed out that his predictions concerning the types of employment in which Plaintiff might succeed were speculative and did not necessarily preclude work in other environments. (*Id*.) The ALJ further found his assessment inconsistent with observations in Plaintiff's ongoing counseling records. (*Id*.) Similarly, in finding Dr. Kitchen's assessments unpersuasive, the ALJ explained that the vague descriptions did not fully specify Plaintiff's maximum functional abilities in vocationally relevant terms, and that the degree of limitation assessed was inconsistent with observations of generally normal mental status in Plaintiff's ongoing counseling records. (*Id*.) These explanations demonstrate that the ALJ considered both the examination findings supporting the opinions and their consistency with the remaining record rather than merely preferring the findings of non-examining sources like Plaintiff claimed.

Finally, the ALJ did not overlook the educational records. She expressly discussed Exhibits B37F and B38F, acknowledging Plaintiff's ADHD diagnosis and individualized educational planning, while also noting observations of his intelligence, classroom participation, and understanding of the subject matter. (*Id*. at 44.) The ALJ further considered Plaintiff's mental-health treatment history, including his reported difficulties with concentration and memory, alongside records documenting intact mental functioning and improvement with treatment. (*Id*. at 45–46.) From that, the ALJ concluded that Plaintiff's impairments "are not as limiting as alleged."

(*Id.* at 46.) The ALJ considered the educational records together with the other evidence rather than ignoring them, as Plaintiff claims.

Throughout her decision, the ALJ found assessments persuasive or unpersuasive based on supporting examination findings and consistency or inconsistency with the whole record. Accordingly, Plaintiff has not demonstrated that the ALJ failed to evaluate the opinion evidence under the supportability and consistency requirements of 20 C.F.R. §§ 404.1520c and 416.920c.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **AFFIRMED.**

Dated: October 21, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).