UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE BOURGET, Plaintiff, -v- COMMISSIONER OF SOCIAL SECURITY, Defendant. | No. 1:26-cv-281 Honorable Paul L. Maloney |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

George Bourget, through counsel, filed this lawsuit to challenge the final decision of denying social security benefits. The Magistrate Judge issued a report recommending the court affirm the Commissioner's decision. ECF No. 15. Plaintiff filed objections. ECF No. 16.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff begins his objections by identifying the errors allegedly made by the Administrative Law Judge (ALJ): (1) failing to properly apply AR 24-1(6) and the holding in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018 and (2) failing to

properly consider certain medical evidence and opinions. Most of the arguments made in the objection document address errors allegedly made by the ALJ and by repeating the arguments made in Plaintiff's initial brief.

Objection 1. *Earley* and AR 24-1(6)

Plaintiff addresses this portion of the R&R in the second paragraph on page 4. Prior to that point, Plaintiff simply repeats the same arguments advanced in his initial brief. But Plaintiff does not identify any specific error in the R&R. Most of the paragraph on page 4 summarizes what the Magistrate Judge wrote. On page 9 of the R&R, the Magistrate Judge addressed the conversation between counsel and the ALJ and explained why the conversation did not support Plaintiff's position. The court overrules this objection.

Objection 2. Proper Consideration of Certain Medical Evidence and Opinions

Plaintiff begins this objection in the first sentence of the third paragraph on page 4. On page 5 and the first half of page 6, Plaintiff summarizes the record before the ALJ and identifies alleged errors made by the ALJ. Plaintiff then returns to the R&R in the first full paragraph on page 6. Plaintiff implies (by asking a question) that the ALJ and the R&R erred by relying on the opinion of a non-examining psychologist, Dr. Rushlau. In the R&R, the Magistrate Judge discussed, in some detail, how the ALJ used Dr. Rushlau's opinion and explained why the ALJ did not err. Other than the reference to Dr. Rushlau's opinion, Plaintiff does not identify any specific error in the R&R. The court overrules this objection..

Therefore, the court **ADOPTS** the report and recommendation. ECF No. 15. **IT IS SO ORDERED.**

Date: November 6, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge